IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| MESSIAHIC, INC., d/b/a PAYJUNCTION, ) ) ) | |
| Plaintiff, ) ) | Civil Action |
| v. ) ) | No. 4:21-cv-00204-CDL |
| GLASSER IMAGES, LLC, and JACK GLASSER, ) ) ) ) | |
| Defendants. ) ) | |

## ORDER GRANTING PLAINTIFF PAYJUNCTION'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

Plaintiff Messiahic Inc., d/b/a PayJunction ("PayJunction") has moved the Court for an order for Preliminary Injunctive Relief pursuant to Federal Rules of Civil Procedure, Rule 65. The Court reviewed PayJunction's complaint and emergency motion for preliminary injunction. The Court also held a hearing on the emergency motion on November 16, 2021. As discussed below, the motion (ECF No. 2) is granted.

### FACTUAL BACKGROUND

PayJunction provides merchant card payment processing services to various merchant entities across the country. (Verified Complaint filed by PayJunction on November 12, 2021 ("Complaint"), ¶ 6, ECF No. 1.) Glasser Images, LLC ("Glasser Images") is a wedding photography and videography company that specializes in wedding images and videos. Jack Glasser ("Glasser") is the President of Glasser Images. (*Id.* at ¶ 7.) Glasser Images and Glasser (collectively, "Defendants") entered into the Merchant

128096968.1

Services Agreement. A true and correct copy of the Merchant Services Agreement is attached to the Complaint as Exhibit "A." (*Id.* at ¶ 8; Compl. Ex. A, Merchant Application, ECF No. 1; Compl. Ex. B, Merchant Card Processing Agreement, ECF No. 1-2.)

Since Glasser Images abruptly terminated its business, Glasser Images has incurred over $720,000 in unresolved chargeback liability with PayJunction. (*Id.* at ¶ 20.)

Pursuant to the Operating Rules, Glasser Images has a limited timeframe set by the issuing banks, which is generally seven (7) business days from receipt of a chargeback letter from an issuing bank/association, to respond to a chargeback dispute. If Glasser Images does not respond within this period, the chargeback is deemed valid, regardless of whether the chargeback is accurate or not. (*Id.* at ¶ 21.) Therefore, timely responses to chargebacks are essential to avoid additional losses. (*Id.*)

Many of these chargebacks relate to the delivery of photographs and videos for weddings and other once-in-a-lifetime events that have already taken place. (*Id.* at ¶ 56.) The photographs and videos were taken at the event but have not been delivered to the consumer. (*Id.*) To reverse a chargeback, evidence must be produced that the photographs have or will be delivered to the consumer. (*Id.*)

Although Defendants' counsel initially agreed to provide necessary information for PayJunction to assist Glasser Images in its response to chargebacks to PayJunction, Defendants' counsel has since been nonresponsive to all of PayJunction's attempts to address the chargeback issues, resulting in PayJunction's continued accrual of damages every day that Glasser Images does not timely and properly respond to chargebacks. (*Id.* at ¶¶ 22-36.) Although Glasser Images, as the merchant, is legally required to respond to

chargebacks, PayJunction can monitor chargeback activity. Based on PayJunction's monitoring efforts, it appears that Glasser Images is not responding to many of the chargebacks within the required timeframe. (*Id.* at ¶ 36.) Without any response from Glasser Images, PayJunction's liability could soon balloon from $720,000 to over a million dollars in a matter of weeks. (*Id.*)

## DISCUSSION

The Court finds that PayJunction has provided notice to Defendants of this action and the emergency preliminary injunction motion. (*See* Affs. of Serv., ECF Nos. 4 & 5.) The Court is satisfied based on the representations of PayJunction's counsel at the November 16, 2021 hearing that PayJunction's counsel notified Defendants and their lawyer of the hearing and Defendants made the affirmative decision not to appear.

Based upon the present record, the Court finds that PayJunction is substantially likely to succeed on the merits in this action, and that PayJunction will suffer irreparable injury in the absence of an order granting a preliminary injunction. PayJunction has the right arising from its contractual relationship with Defendants to request information about chargebacks that could potentially result in liability to PayJunction which liability may could be avoided if PayJunction is given prompt notice of the chargebacks. Defendants have refused to provide this information in a prompt manner. (*See* Compl. Ex. B, Merchant Card Processing Agreement §§ 3.4, 3.5, 5.2, 8.2, 15, ECF No. 1-2.) Furthermore, the parties agreed in their contract that Glasser Images shall be liable for chargebacks once they become final. Because Glasser Image's settlement account has insufficient funds to cover the chargebacks, PayJunction will have to pay them if they become final. Unless

immediate action is taken to contest erroneous chargeback notices from consumers who have received or will received their products from Glasser Images, those chargebacks will deemed valid and incontestable. Accordingly, PayJunction has met its burden of demonstrating likelihood of success on the merits and irreparable harm. The present preliminary injunction is narrowly focused on preventing erroneous chargebacks from becoming final and thus mitigating irreparable injury to PayJunction. The Court further finds that the threatened injury to PayJunction outweighs the harm to the Defendants resulting from an order for preliminary injunction, and that this order granting this preliminary injunction is not adverse to public interest.

Having satisfied the elements for a preliminary injunction, PayJunction's motion for preliminary injunction is granted as follows.

## PRELIMINARY INJUNCTION

The Court orders the following:

1. Glasser is required to preserve any and all electronic or other data that Defendants have in their possession, custody, or control, that may be used to identify customers, customer agreements, payments made to either of the Defendants, deadlines and delivery requirements of the Defendants as well as websites controlled by the Defendants, and customers expected to receive products or services from any vendors of Glasser Images;

2. Glasser is required to deliver to PayJunction within five (5) days access to its database or other storage device of customers and the information described above in Section No. 1, including customer agreements for all customers for

which the Defendants have taken a deposit for since January 1, 2019 (the likely beginning of when deposits may have been taken for weddings delayed by COVID-19); and

3. Glasser is required to respond to all chargebacks and retrievals when received from the cardholders' issuing bank or financial institution before the response date noted in each notice. If Glasser continues to fail to respond to chargebacks and retrievals, PayJunction may file a motion for authorization to permit PayJunction to respond to chargebacks and retrievals or otherwise respond on Glasser's behalf.

SO ORDERED, this **19th** day of **November, 2021**.

S/Clay D. Land
Honorable Judge Clay D. Land
United States District Judge
Middle District of Georgia