## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| MESSIAHIC, INC., d/b/a PAYJUNCTION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action |
| v. | ) ) | No. <u>4:21-cv-204-CDL</u> |
| GLASSER IMAGES, LLC, and JACK GLASSER, | ) ) ) | |
| Defendants. | ) ) ) | |

---

## PLAINTIFF PAYJUNCTION'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF

Plaintiff Messiahic, Inc., d/b/a PayJunction ("PayJunction") files this Motion for Entry of Default Judgment ("Motion") pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") Rule 55(b)(1), and shows this Court as follows:

## I.   PROCEDURAL BACKGROUND.

On November 12, 2021, PayJunction filed its Verified Complaint ("Complaint") in the above-captioned case. (ECF No 1.) PayJunction also filed its Emergency Motion for Preliminary Injunction on November 12, 2021 ("Emergency Motion"). (ECF No 2.) PayJunction caused the Emergency Motion to be served on Defendants Glasser Images, LLC ("Glasser Images") and Jack Glasser ("Glasser")

129537898.1

(collectively, "Defendants"), and on Defendants' North Dakota counsel, Tim O'Keeffe of O'Keeffe O'Brien Lyson Ltd.   Plaintiff's counsel further provided notice of the hearing on the Emergency Motion to Defendants and Mr. O'Keeffe. This Court held a hearing on the Emergency Motion on November 16, 2021. (ECF No 3.) Defendants opted to not appear or request a continuance from the Court and the Court subsequently entered an Order granting the Emergency Motion on November 19, 2021. (ECF No 14.) PayJunction served Defendants with a copy of the summons and Complaint on November 30, 2021. (*See* Affs. of Service, ECF No 16, 17.)[1]

Pursuant to Fed. R. Civ. P. 12(a)(1)(B), Defendants' responsive pleading to the Complaint was due on or before December 21, 2021, which was 21 days after service of the summons and Complaint. On December 22, 2021, pursuant to Fed. R. Civ. P. 55(a), PayJunction filed its Application to the Clerk of this Court for Entry of Default against the Defendants. (ECF No 18.) The Clerk of this Court subsequently entered default against Defendants on December 22, 2021. As of the

---

[1] PayJunction promptly served Defendants with the Emergency Motion for Preliminary Injunction (ECF No 2) on November 13, 2021. (*See* Affs. of Service, ECF 4, 5.) This Court issued the summons for Defendants on November 15, 2021. (*See* ECF No 6.) In compliance with Fed. R. Civ. P. 4(c), PayJunction served Defendants with a copy of the summons and Complaint on November 30, 2021. (*See* Affs. of Service, ECF No 16, 17.)

date of this Motion, Defendants have failed to answer or otherwise plead in response to the Complaint. Accordingly, Plaintiffs request that the Court enter default judgment in its favor. In further support of this Motion, Plaintiff respectfully states as follows:

## II.   **STATEMENT OF FACTS.**

PayJunction provides merchant card payment processing services to various merchant entities across the country. (ECF No 1, ¶ 6.) Glasser Images is a wedding photography and videography company that specializes in wedding images and videos. Glasser is the President of Glasser Images. (*Id.* at ¶ 7.) Glasser, on behalf of Glasser Images, entered into the Merchant Services Agreement. A true and correct copy of the Merchant Services Agreement is attached to the Complaint as Exhibit "A." (*Id.* at ¶ 8.) Glasser also executed the Guaranty under which he guaranteed payment of all obligations of Glasser Images under the Merchant Services Agreement. (*Id.* at ¶ 9.)

Since Glasser Images abruptly terminated its business, Glasser Images has incurred over $900,000 in unresolved chargeback liability with PayJunction. (*Id.* at ¶ 20.) (Declaration of Matt Odirakallumkal filed contemporaneously herewith (the "Declaration").) Pursuant to the Operating Rules, Glasser Images has a limited timeframe set by the issuing banks, which is generally seven (7) business days from

receipt of a chargeback letter from an issuing bank/association, to respond to a chargeback dispute. If Glasser Images does not respond within this period, the chargeback is deemed valid, regardless of whether the chargeback is accurate or not. Therefore, timely responses to chargebacks are essential to avoid additional losses. (*Id.* at ¶ 21.)

Many of these chargebacks relate to the delivery of photographs and videos for weddings and other once-in-a-lifetime events that have already taken place. (*Id.* at ¶ 56.) The photographs and videos were taken at the event but have not been delivered to the consumer. (*Id.*) The chargeback only allows a consumer to obtain a refund of the amount paid by credit card, but consumers would prefer to have the photographs and videos that were taken at these events delivered to them. (*Id.*)

Although Defendants' counsel initially agreed to provide necessary information for PayJunction to assist Glasser Images in its response to chargebacks to PayJunction, Defendants and their counsel have essentially been nonresponsive to PayJunction's attempts to address the chargeback issues, resulting in PayJunction's continued accrual of damages every day that Glasser Images does not timely and properly respond to chargebacks. (*Id.* at ¶¶ 22-36.) Although Glasser Images, as the merchant, is legally required to respond to chargebacks, PayJunction can monitor chargeback activity. Based on PayJunction's monitoring efforts, it

-4-

appears that Glasser Images is not responding to many of the chargebacks within the required timeframe. (*Id.*)  Without any response from Glasser Images, PayJunction's liability has ballooned from $720,000 to $900,000 since filing the Complaint. (*Id.* at ¶ 36.) (Declaration.)

Upon information and belief, PayJunction also understands that the North Dakota Attorney General's office has opened a consumer fraud investigation, and are awaiting a production from Glasser concerning the nature of his activities with regards to Glasser Images, his conduct, and all other relevant documents that pertain to the investigation. (*Id.* at ¶ 59.) The Attorney General's office's involvement further highlights the chargeback issue as a significant concern for the public as well as PayJunction. (*Id.*)

## III.   <u>LEGAL STANDARD.</u>

"The entry of a default judgment is appropriate '[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise.'" *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002) (quoting Fed. R. Civ. P. 55(a)). Fed. R. Civ. P. 55 establishes a two-step process for a party to secure a default judgment. First, the movant must obtain a Clerk's entry of default by providing evidence "by affidavit or otherwise" that the

129537898.1

opposing party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Second, after the Clerk has made an entry of default, the movant must file a separate motion under Fed. R. Civ. P. 55(b)(1) or (2).

"When considering a motion for default judgment, a court must investigate the legal sufficiency of the allegations and ensure that the complaint states a plausible claim for relief." *Hill for Credit Nation Cap., LLC v. Duscio*, 292 F. Supp. 3d 1370, 1375 (N.D. Ga. 2018) "An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). "Where a defendant fails to deny the facts as alleged in the complaint, the allegations are deemed admitted and there is 'no further burden upon the plaintiff to prove its case factually.'" *Am. Safety Cas. Ins. Co. v. Langley*, No. 1:13-CV-0335-SCJ, 2013 WL 12065417, at *2 (N.D. Ga. Nov. 22, 2013). Ultimately, "[t]he entry of a default judgment is committed to the discretion of the district court." *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1576 (11th Cir. 1985).

129537898.1

## IV.   ARGUMENT AND CITATION OF AUTHORITY.

**A.   PayJunction seeks a Default Judgment on the following claims: Count I – Breach of Contract against Glasser Images; Count II – Breach of Guaranty against Glasser; Count III – Injunctive Relief; and Count IV Attorney's Fees.**

a.   Breach of Contract against Glasser Images.

"The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." *SAWS at Seven Hills, LLC v. Forestar Realty, Inc*., 342 Ga. App. 780, 784 (2017). A breach occurs if a contracting party repudiates or renounces liability under the contract; fails to perform the engagement as specified in the contract; or does some act that renders performance impossible. *UWork.com, Inc. v. Paragon Techs., Inc*., 321 Ga. App. 584, 590 (2013). When a court construes contractual terms to determine if a breach has occurred, "the cardinal rule of contract construction is to ascertain the intention of the parties." *Id*. And if the contractual terms are plain and unambiguous, those terms alone determine the parties' intent. *Id*.

Here, the Clerk should enter default judgment against Glasser Images for PayJunction's breach of contract claim. The Merchant Services Agreement is a valid agreement between PayJunction and Glasser Images. (ECF No 1, ¶ 39.) By failing to plead or otherwise respond, Glasser Images admits each fact in the Complaint including the material adverse change in Glasser Images' financial condition due to

129537898.1

Glasser Images "closing its doors," Glasser Images terminating its business, the monthly ratio of Chargebacks to Transactions pursuant to the Merchant Services Agreement was excessive, Glasser Images being unable or unwilling to perform its duties under the Merchant Services Agreement, and one or more government entities initiating proceedings against Glasser Images. (*Id.*, ¶ 40-44.) These acts and omissions all constitute breaches of the Merchant Services Agreement and have caused significant damages to PayJunction.

   b.  Breach of Guaranty against Glasser.

   The Statute of Frauds requires that, to be enforceable, a promise to answer for another's debt "must be in writing and signed by the party to be charged therewith." O.C.G.A. § 13-5-30(a)(2). "This requirement has been interpreted to mandate further that a guaranty identify the debt, the principal debtor, the promisor, and the promisee." *Brzowski v. Quantum Nat. Bank*, 311 Ga. App. 769, 771 (2011). Here, the Clerk should enter a default judgment against Glasser for PayJunction's breach of Guaranty claim. Glasser executed the personal guaranty under which he guaranteed payment of all obligations of Glasser Images under the Merchant Services Agreement to PayJunction. (ECF No 1, ¶ 48.) Glasser Images materially breached and defaulted under its obligations in the Merchant Services Agreement. (*Id.*, ¶ 50.) Therefore, Glasser is in breach of his personal guaranty by failing to pay

129537898.1

the amounts due from Glasser Images to PayJunction under the terms of the Merchant Services Agreement. (*Id.*, ¶ 51.)

      c. <u>Injunctive Relief.</u>

"A district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *FF Cosms. FL, Inc. v. City of Miami Beach*, 866 F.3d 1290, 1298 (11th Cir. 2017). Here, this Court granted PayJunction's Emergency Motion which requested the same injunctive relief of Defendants as the Complaint. (ECF No 14.) Specifically, this Court found that PayJunction met all of the required elements to grant injunctive relief, and ordered Glasser as follows:

1. Glasser is required to preserve any and all electronic or other data that Defendants have in their possession, custody, or control, that may be used to identify customers, customer agreements, payments made to either of the Defendants, deadlines and delivery requirements of the Defendants as well as websites controlled by the Defendants, and customers expected to receive products or services from any vendors of Glasser Images;

2. Glasser is required to deliver to PayJunction within five (5) days access to its database or other storage device of customers and the information described above in Section 1, including customer agreements for all customers for which the Defendants have taken a deposit for since January 1, 2019 (the likely beginning of when

-9-

deposits may have been taken for weddings delayed by COVID-19); and

3. Glasser is required to respond to all chargebacks and retrievals when received from the cardholders' issuing bank or financial institution before the response date noted in each notice. If Glasser continues to fail to respond to chargebacks and retrievals, PayJunction may file a motion for authorization to permit PayJunction to respond to chargebacks and retrievals or otherwise respond on Glasser's behalf."

(*Id.*)

To PayJunction's knowledge, Glasser has not complied with the Court's orders. Due to the Defendants' failure to answer or otherwise respond to the Complaint and the procedural posture of the case, PayJunction seeks to convert this Court's order of preliminary injunction into a permanent injunction rather than move this Court to compel for Glasser's noncompliance. "The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 32 (2008). Here, Defendants' failure to answer or respond establishes PayJunction's success on the merits. Accordingly, the Clerk should enter a default judgment for the injunctive relief requested in the Complaint consistent with the relief this Court granted in its Order granting PayJunction's Emergency Motion.

129537898.1

d.  <u>Attorney's Fees.</u>

"The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." O.C.G.A. § 13-6-11. When dealing with a default judgment, Georgia law holds that "[i]f a plaintiff in its original complaint puts the defendant on notice that it is seeking attorney fees and expenses under O.C.G.A. § 13–6–11 as part of the relief prayed for in the case, and if a default judgment is subsequently entered against the defendant for failing to answer the complaint, then the plaintiff is entitled to an award of attorney fees and expenses as a matter of law from the defendant having caused unnecessary trouble and expense." *Nat'l Fire Ins. Co. of Hartford v. Thrasher Contracting, LLC*, 142 F. Supp. 3d 1309, 1314–15 (N.D. Ga. 2015). Lastly, Section 20 of the Merchant Services Agreement states that Defendants are responsible for all attorney's fees for PayJunction that arise out of or related to the enforcement of the Merchant Services Agreement. (ECF No 1, Exhibit "A.")

Here, the Clerk should enter default judgment against Defendants for PayJunction's claim for attorney's fees and costs. Defendants have acted in bad faith, have stubbornly refused to comply with the Court's order to mitigate damages

caused solely by Defendants' acts and omissions, and have caused PayJunction unnecessary trouble and expense. PayJunction put the Defendants on notice of its claim for attorney's fees by specifically requesting attorney's fees and costs in a separate count in the Complaint. The Clerk has entered default against the Defendants, and the Clerk should enter default judgment against Defendants for PayJunction's attorney's fees and costs as a matter of law.

### B.    PayJunction is Entitled to a Default Judgment as to Damages.

PayJunction's Complaint and the evidence filed in support of this Motion adequately support the claimed damages, show that the damages are capable of mathematical calculation, and demonstrate that the damages are reasonable. Fed. R. Civ. P. 55(b)(1) states that "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Accordingly, as detailed herein and in the Declarations of Gerald T. Chichester, Esq. and Matt Odirakallumkal filed concurrently herewith, PayJunction's damages as of the date of this Motion are as follows:

129537898.1

| | | |
|---|---|---|
| a. | Breach of Contract and Guaranty Damages against Defendants: | $912,612.39 |
| b. | Attorney's Fees: | $64,628.75 |
| | **Total:** | **$977,241.14** |

Unless this Court desires a hearing, PayJunction submits that PayJunction's claims are for sums certain and sums that can be made certain by computation consistent with Fed. R. Civ. P. 55(b)(1). Accordingly, the Clerk should enter a Default Judgment as to damages in the amount of $977,241.14.

## V.   <u>CONCLUSION.</u>

For the forgoing reasons, PayJunction respectfully requests that default judgment be entered against the Defendants and in favor of PayJunction on PayJunction's claims for the following: Count I – Breach of Contract against Glasser Images and Count II – Breach of Guaranty against Glasser in the amount of $912,612.39; Count III – Injunctive Relief; and Count IV Attorney's Fees in the amount of $64,628.75.  Plaintiff further requests all other relief as the Court deems just and proper.

129537898.1

Respectfully submitted this 12th day of January 2022.

/s/ Leron E. Rogers
Leron E. Rogers
Georgia Bar No. 482620
Gerald Chichester
Georgia Bar No. 210202

*Attorneys for Plaintiff*
*Messiahic, Inc., d/b/a*
*PayJunction*

FOX ROTHSCHILD LLP
999 Peachtree Street, N.E.
Suite 1500
Atlanta, Georgia 30309
Tel:   (404) 881-5941
Fax:   (404)962-1200
lrogers@foxrothschild.com
gchichester@foxrothschild.com

129537898.1